1  ALLAN MERLE TABOR (CABN 52846)
   Ryan & Tabor
2
3        11 Embarcadero West, Suite 130
         Oakland, CA 94607-4543
         Telephone: 510-444-5350
4        Fax: 510-444-5359
         Email:Ryantabor@sbcglobal.net
5
   Attorneys for Plaintiff
6
   MELINDA HAAG (CABN 132612)
7  United States Attorney
   ALEX G. TSE (CABN 152348)
8  Chief, Civil Division
   VICTORIA R. CARRADERO (CABN 217885)
   Assistant United States Attorney
9
10       450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
         Telephone: (415) 436-7181
11       FAX: (415) 436-6748
         Email: victoria.carradero@usdoj.gov
12
   Attorneys for Federal Defendants the United
13 States of America and the Department of Health
   and Human Services
14
15               UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                SAN FRANCISCO DIVISION

18 VERNA WASHINGTON,                    )   CASE NO. C 13-02361 KAW
                                        )
19                    Plaintiff,        )   **STIPULATION OF SETTLEMENT AND
                                        )   [PROPOSED] ORDER**
20 v.                                   )
                                        )
21 UNITED STATES OF AMERICA; UNITED     )
22 STATES DEPARTMENT OF HEALTH AND      )
   HUMAN SERVICES; MEDICARE             )
23 SECONDARY PAYER RECOVERY             )
   CONTRACTOR MSPRC/LIABILITY           )
24                                      )
                      Defendants.
25 _____

26
27
28

This Settlement Agreement is made by and between Plaintiff Verna Washington, a Medicare beneficiary, and Defendants United States of America and the United States Department of Health and Human Services in order to resolve all of the issues in the case of *Verna Washington v. United States, et al.,* Docket No. CV-13-2361, pending in the United States District Court, Northern District of California.  In consideration of the mutual promises set forth below, to settle this matter and avoid further expense of litigation, and for good and valuable consideration, the receipt and sufficiency of which is mutually acknowledged by the parties hereto, intending to be legally bound, the parties hereby agree to the following recitals, terms, and conditions:

1.  **Parties.**  The Parties ("Parties") to this Stipulation for Compromise Settlement and Release; [Proposed] Order ("Settlement and Release") are Plaintiff Verna Washington  ("Plaintiff") and Defendants the United States of America, and the United States Department of Health and Human Services ("HHS").  Plaintiff did not name the Secretary of HHS in this suit.  Further, the Medicare Secondary Payer Recovery Contractor ("MSPRC"), who is a named defendant in this suit, is a contractor of HHS.  The parties agree that the Secretary of HHS, as head of the Agency, and the MSPRC, as contractor for HHS and agent for HHS with regard to the actions taken with respect to Plaintiff Washington, are beneficiaries to this agreement.

2.  **Procedural Background.**

> a.  The Secretary of HHS administers the Medicare program though her delegate agency, the Centers for Medicare and Medicaid Services ("CMS").  CMS enters into contracts with contractors, such as the MSPRC.
>
> b.  Plaintiff was injured on or about November 1, 2007, and brought suit in state court against various defendants for her injuries.
>
> c.  HHS, through CMS, made conditional payments totaling $180,806.18 for care, treatment, and other services provided to Plaintiff in connections with injuries she sustained on or about November 1, 2007.
>
> d.  Plaintiff advised the MSPRC that she settled her state court suit for a total amount of $149,000.00 and that she incurred $74,587.35 in attorney's fees and costs.
>
> e.  In accordance with the formula at 42 C.F.R. § 411.37, the amount of funds to be

1  recovered by CMS pursuant to 42 U.S.C. 1395y(b)(2) is $ 74,412.65 (the "overpayment

2  amount").

3  f.       In July 2010, the MSPRC received $75,000 by check issued by Mercury

4  Insurance Group dated June 30, 2010.

5  g.       On or about October 6, 2010, the MSPRC sent a check in the amount of $587.35

6  payable to "Vera B. [sic] Washington & Ryan & Taylor."

7  h.       Plaintiff's attorney has informed counsel for Defendants that he will reduce his

8  attorney's fees by $15,000.00 for Ms. Washington.

9  **3.     Compromise Amount.**  Defendant HHS is authorized to make the following statements

10  and assurances.  HHS agrees, subject to the terms of this Settlement and Release, to accept $51,912.65

11  (the "compromise amount") as payment in full satisfaction of the overpayment amount with respect to

12  the above-referenced settlement.  HHS shall remit, or shall cause MSPRC to remit, $22,500 to Plaintiff.

13  **4.     Payment Terms.**

14  a.   Defendant HHS shall remit, or shall cause MSPRC to remit, $22,500 to Plaintiff

15  within 90 days of the Court's approval of this stipulation.

16  b.   Payment shall be made by check payable to "Verna B. Washington and Ryan &

17  Tabor" and sent to Ryan & Tabor, 11 Embarcadero West, Suite 130, Oakland,

18  California 94607-4543.

19  c.   HHS agrees that if Plaintiff's attorney reduces his attorney's fees and returns $15,000

20  to Plaintiff, HHS will not attempt to collect any additional overpayment from

21  Plaintiff.  However, Plaintiff's receipt of $15,000 from her attorney is not a condition

22  for Plaintiff to enter into this Settlement and Release and Plaintiff's agreement to

23  dismiss with prejudice *Verna Washington v. United States, et al*., Docket No. CV-13-

24  2361, and to release of any and all claims against Defendants shall be effective

25  whether or not Plaintiff receives $15,000 from her attorney.

26  d.   Plaintiff agrees that she is responsible for payment of any and all taxes that may

27  be due and owing on any amounts paid to her in connection with this Settlement and

28  Release.  Defendants shall have no liability whatsoever for any taxes due as a result

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 13-2361 KAW                                    3

of the payment of $22,500 to Plaintiff or the payment of $15,000 to Plaintiff by her attorney.

5.     **Dismissal of Action with Prejudice.**  In consideration of the terms of this Settlement and Release, Plaintiff shall, immediately upon mutual execution of this Settlement and Release by the Parties, also execute the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."  The Stipulation of Dismissal with Prejudice shall dismiss with prejudice all claims asserted in this Action or that could have been asserted in this action against all Defendants.  The executed Stipulation of Dismissal with Prejudice will be returned to Defendant's attorney with the executed Settlement and Release and will be held by Defendant's attorney and filed with the court upon notice to Plaintiff's counsel of mailing of the settlement payment.

6.     **Plaintiff's Release.**  Plaintiff does forever discharge Defendants, HHS, the Secretary of HHS, CMS, MSPRC, Medicare, the United States of America, and their officials, agents, attorneys, successors and assigns from any liability for payment for services included in the underlying liability claim for the above-referenced settlement(s) in paragraph 2 (or released by the above-referenced settlement(s)) which were provided prior to the date of the settlement(s).  Plaintiff specifically: 1) waives the right to request a waiver of recovery pursuant to §1870 of the Social Security Act (42 U.S.C. § 1395gg) or agrees to withdraw any such pending request, if applicable; and 2) waives any administrative or judicial appeal rights she may have, or agrees to withdraw any pending appeals, if applicable.  Plaintiff agrees to waive any and all rights to further contest or appeal this matter or make any claim against the United States of America, HHS, the Secretary of HHS, CMS, MSPRC, the Medicare program or any Medicare contractor, including a request for waiver, in any forum, to seek further recovery or reductions of recovery related to the incident that occurred on or about November 1, 2007, or the settlement proceeds that are the subject of this Action.

7.     **Defendant HHS's Release.**  Defendant HHS, does forever discharge Plaintiff, her heirs, agents, successors, executors, administrators and assigns from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service expenses, and compensation whatsoever, which HHS now has related to the above referenced settlement(s) in paragraph 2 for injuries she sustained in and around November  2007; *provided, however*, that should Plaintiff or any person on her behalf

receive an additional recovery with respect to the underlying liability claim(s) for the above-referenced settlement(s), Plaintiff agrees to notify CMS of any such additional recoveries and CMS may assert its statutory right to recover the overpayment.  Additionally, should Plaintiff or any person on her behalf receive a recovery with respect to any other liability claim unrelated to the incident that occurred on or about November 1, 2007, Plaintiff must notify either CMS or the MSPRC.  CMS will then determine whether it has a recovery claim against the additional settlement, judgment, or award.

**8.** **No Admission of Liability.**  This Settlement and Release is a compromise of disputed claims and is not intended to be, and shall not be construed as, an admission of liability by the released Parties.

**9.** **Parties Bear Their Own Costs and Attorney's Fees.**  It is agreed, by and among the Parties, that the respective Parties will each bear their own costs, attorney's fees, and expenses in this Action.

**10.** **Authority.**  The persons signing this Settlement and Release warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of this Settlement and Release.  Each Party releasing claims represents that it has not transferred its rights in the released claim to any third party.

**11.** **Construction.**  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Settlement and Release, that it has had the contents of the Settlement and Release fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Settlement and Release and the legal consequences thereof.  For purposes of construction, this Settlement and Release shall be deemed to have been drafted by all Parties to this Settlement and Release and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

**12.** **Severability.**  If any provision of this Settlement and Release shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

**13.** **Integration.**  This Settlement and Release shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Settlement and Release has been freely

and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this Settlement and Release.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement and Release. This Settlement and Release may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

**14.   Binding Effect.**  This Settlement and Release shall be binding on, and inure to the benefit of the Parties to this lawsuit, as well as the Parties' officials, predecessors, successors, assigns, administrators, executors, transferees, trustees, designees, heirs, agents or contractors.

**15.   Counterparts.** This Settlement and Release may be executed in counterparts, and authentic facsimile or scanned signatures shall be deemed to be original signatures for all purposes.

**16.   Other.** The parties agree that the terms of this Settlement and Release are unique to the facts and circumstances of this case and will not establish any precedent except as is necessary to implement the terms and conditions of this Settlement and Release as required by law.

Respectfully submitted,

DATED:                           _____
                                 VERNA B. WASHINGTON
                                 Plaintiff

                                 RYAN & TABOR
DATED:                           _____
                                 ALLAN M. TABOR
                                 Attorney for Plaintiff

                                 UNITED STATES DEPARTMENT OF HEALTH AND
                                 HUMAN SERVICES
DATED:                           _____

                                 MELINDA HAAG
                                 United States Attorney

DATED:                           _____
                                 VICTORIA R. CARRADERO
                                 Assistant United States Attorney

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 13-2361 KAW                                6

Attorneys for the United States of America and the
Department of Health and Human Services

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 10/31/13

HON. KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

# Exhibit "A"

ALLAN MERLE TABOR (CABN 52846)
Ryan & Tabor

    11 Embarcadero West, Suite 130
    Oakland, CA 94607-4543
    Telephone: 510-444-5350
    Fax: 510-444-5359
    Email:Ryantabor@sbcglobal.net

Attorneys for Plaintiff

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 125348)
Chief, Civil Division
VICTORIA R. CARRADERO (CABN 217885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-6748
    Victoria.carradero@usdoj.gov

Attorneys for Federal Defendants
The Department of Health and Human Services and
The United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VERNA WASHINGTON, | ) CASE NO. C 13-2361 KAW |
| Plaintiff, | ) |
| | ) **STIPULATION OF DISMISSAL WITH** |
| v. | ) **PREJUDICE; [PROPOSED] ORDER** |
| | ) |
| UNITED STATES OF AMERICA, ET AL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

STIPULATION FOR ENTRY OF JUDGMENT; [PROPOSED] ORDER
C 12-4247 EDL                                      1

1       THE PARTIES IN THE ABOVE-CAPTIONED ACTION HEREBY SUBMIT THE

2 FOLLOWING STIPULATION:

3       Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff VERNA B. WASHINGTON and

4 Defendants the UNITED STATES OF AMERICA and the DEPARTMENT OF HEALTH AND

5 HUMAN SERVICES hereby stipulate to dismiss with prejudice the above-captioned action as to all

6 defendants, including all claims that were asserted or could have been asserted therein. Each party will

7 bear its own costs and attorneys' fees.

8                        Respectfully submitted,

9 DATED:              _____

10                       VERNA B. WASHINGTON
                       Plaintiff

11                       RYAN & TABOR

12 DATED:              _____

13                       ALLAN M. TABOR
                       Attorney for Plaintiff

14                       UNITED STATES DEPARTMENT OF HEALTH AND

15                       HUMAN SERVICES

16 DATED:              _____

17

18                       MELINDA HAAG
                       United States Attorney

19

20 DATED:              _____

21                       VICTORIA R. CARRADERO
                       Assistant United States Attorney

22                       Attorneys for the United States of America and the
                       Department of Health and Human Services

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2      The Stipulation of Dismissal with Prejudice is granted and this entire action is dismissed with

3  prejudice.

4      **IT IS SO ORDERED.**

5

6

7  DATED: _____    _____

HON. KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28